In re MARINE OPTICAL, INC., Debtor.

FIRST NATIONAL BANK OF
BOSTON, Appellant,

v.

MARINE OPTICAL, INC., Appellee.

Bankruptcy No. 80–9010.

Bankruptcy Appellate Panel,
D. Massachusetts.

May 11, 1981.

Riemer & Braunstein by Charles R. Bennett, Jr., David S. Berman and Julius Thannhauser, Boston, Mass., for appellant.

Gerald Rosen, Boston, Mass., for appellee.

Before CYR, C. J., and VOTOLATO and JOHNSON, JJ.

CYR, Bankruptcy Judge.

Appeal is taken from an order authorizing the use of cash collateral. Marine Optical, Inc. commenced these voluntary chapter 11 reorganization proceedings October 21, 1980, followed by the subject motion to use cash collateral under Bankruptcy Code § 363(c)(2)(B).[1] The bankruptcy court promptly scheduled an emergency hearing for October 23, 1980 and ruled on the motion from the bench,[2] authorizing the use of cash collateral of the appellant in payment of prepetition priority wage, salary, and commission claims of employees and sales personnel employed by Marine Optical or soon to be reemployed. The bankruptcy judge determined that the interest of the appellant in the cash collateral used to satisfy prepetition priority claims was adequately protected as required by Bankruptcy Code § 363(e).[3] Appellant does not chal-

---

1. Bankruptcy Code § 363(c)(2)(B) provides:

   (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

   . . . .

   (B) The court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section. Bankruptcy Code § 363(c)(2)(B), 11 U.S.C. § 363(c)(2)(B). See also Bankruptcy Code § 1107, 11 U.S.C. § 1107.

2. Bankruptcy Code § 363(c)(3) provides:

   (3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but *shall be scheduled in accordance with the needs of the debtor. . . . The court shall act promptly* on any request for authorization under paragraph (2)(B) of this subsection. (*Emphasis added.*)
   Bankruptcy Code § 363(c)(3), 11 U.S.C. § 363(c)(3).

3. Bankruptcy Code § 363(e) provides:

lenge the adequacy of the protection accorded its interest in the cash collateral used to satisfy prepetition priority claims, but insists that the court erred in permitting a disposition of cash collateral for prepetition purposes which might jeopardize the recoverability of a potential super priority claim.[4] We are presented on this appeal with the contention that a bankruptcy court may not authorize the use of cash collateral, adequate protection notwithstanding, without further antecedent provision for the payment of whatever super priority claim may conceivably arise in the event the adequate protection previously provided proves inadequate. We view the matter somewhat differently.

Appellant is entitled to adequate protection for the use of its cash collateral[5] as determined by the court consistent with Bankruptcy Code § 361.[6] Section 507(b)[7] neither limits nor enlarges the protection required before cash collateral may be used.

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection.
>
> Bankruptcy Code § 363(e), 11 U.S.C. § 363(e).

4. Bankruptcy Code § 507(a)(1) & (b) provides:

> (a) The following expenses and claims have priority in the following order:
>
> (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.
>
> . . . .
>
> (b) *If the trustee*, under section 362, 363, or 364 of this title, *provides adequate protection* of the interest of a holder of a claim secured by a lien on property of the debtor *and if, notwithstanding such protection*, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim under such subsection. (*Emphasis added.*)

It establishes a statutory fail-safe system in recognition of the ultimate reality that protection previously determined the "indubitable equivalent"[8] of an interest in cash collateral may later prove inadequate. Section 507(b) superimposes no futile requirement that the court *contemporaneously* provide more than the adequate protection required by section 363(e). The adequacy of the protection provided appellant under section 363(e) remains unchallenged and we decline to indulge the presumption that appellant is the holder of a section 507(b) super priority claim.

*Affirmed.*

> Bankruptcy Code § 507(a)(1) & (b), 11 U.S.C. § 507(a)(1) & (b).

5. Bankruptcy Code § 363, 11 U.S.C. § 363.

6. Bankruptcy Code § 361 provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.
>
> Bankruptcy Code § 361, 11 U.S.C. § 361.

7. *See* note 4 *supra.*

8. *See* note 6 *supra.*