**In the Matter of GEORGIA STEEL, INC., d/b/a Eastern Crane & Equipment, Plate Services, Georgia Structurals, and Quickwork, Debtor.**

Bankruptcy No. 81–50966.

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

April 23, 1982.

Jerome L. Kaplan, Ward Stone, Jr., Kaplan & Thomason, P.A., Macon, Ga., for applicant.

Robert O. House, Sell & Melton, Macon, Ga., for The Citizens and Southern Nat. Bank.

## STATEMENT OF THE CASE

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

Before the Court is the application for interim compensation filed with this Court on January 29, 1982, by Jerome L. Kaplan, Ronald C. Thomason, Ward Stone, Jr., B. Michael Byrd, and James P. Smith of the law firm of Kaplan & Thomason, P.A. (hereinafter Applicant).

After notice to parties in interest, three timely objections and two untimely objections to the application were filed with the Court. The application and the objections thereto came on to be heard on February 22, 1982. After consideration of the evidence and arguments of counsel, the Court has this day entered an order allowing interim compensation to Applicant in the amount of $35,104.50 and allowing reimbursement of actual and necessary expenses in the amount of $1,335.14. In support of its order, the Court attaches the following findings of fact and conclusions of law. To the extent any findings of fact constitute conclusions of law, or any conclusions of law constitute findings of fact, they are so adopted.

## FINDINGS OF FACT

On January 29, 1982, Applicant's request for interim compensation was filed with the Court. This application seeks interim compensation in the amount of $46,806.00 for 793 hours of professional services rendered and for reimbursement of $1,335.14 for actual and necessary expenses incurred. The application is for the period of time from August 11, 1981, through January 22, 1982.

The attorney's fees requested are calculated upon the following billing rates for members of Applicant:

| | |
|---|---|
| Jerome L. Kaplan | $95.00/hr. |
| Ronald C. Thomason | $60.00/hr. |
| Ward Stone, Jr. | $55.00/hr. |
| B. Michael Byrd | $50.00/hr. |
| James P. Smith | $45.00/hr. |
| Research Assistants | $25.00/hr. |

In support of this application, Applicant attaches an itemization setting out the time spent and services rendered by members of Applicant.

After notice to parties in interest, the Court received timely objections from four creditors.[1] Xero-Fax, Incorporated, an unsecured creditor, objected on the ground that its unsecured claim arose first and should be paid before the attorneys for the Debtor. Three secured creditors, Credit Alliance Corporation (Credit Alliance), Leasing Service Corporation (Leasing Service), and The Citizens and Southern National Bank (C & S), also filed objections. These objections, in effect, contain two grounds for objection, which are as follows:

1. It is premature to judge the value of the services for which compensation is sought; and

2. Any award would be paid from cash collateral in which these creditors hold interests.

Applicant's application came on for hearing on February 22, 1982.

It should be noted here that by prior orders of this Court, the Debtor has been authorized to use cash collateral as the Court found that the Debtor had afforded to Credit Alliance, Leasing Service, and C & S adequate protection for the use of their cash collateral.

This is the first application for interim compensation by Applicant. The disclosure under Bankruptcy Rule 219(b), Rules Bankr.Proc. Rule 219(b), 11 U.S.C.A. (West 1977), filed by Applicant, discloses that prior to the Debtor's filing in bankruptcy, the Debtor transferred to Applicant $30,500.00 as a retainer.

## CONCLUSIONS OF LAW

Section 331 of the Bankruptcy Code governs interim compensation. It states as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or

more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C.A. § 331 (West 1979).

Section 330 of the Code, which is incorporated by reference in Section 331, provides in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C.A. § 330 (West 1979).

With this statutory authority for the Court to award interim compensation, the Court will turn first to the objections which are of record.

■ The objection of Xero-Fax, Incorporated, has no legal basis. Xero-Fax contends that since its unsecured debt predates the services of Applicant, that it should be paid first. This contention fails to consider the priorities of payment established by the Bankruptcy Code and must be overruled.

---

1. Although four creditors have objected, there are only three timely objections of record because Credit Alliance Corporation and Leasing

Service Corporation combined to file one objection.

The objections of Credit Alliance, Leasing Service, and C & S, upon consideration, must also be overruled. Debtor has been authorized to use cash collateral, and the interests of these three secured creditors has been found by the Court to be adequately protected. This adequate protection affords to Credit Alliance, Leasing Service, and C & S what they are rightfully entitled to receive under the Bankruptcy Code. *Cf. First National Bank v. Marine Optical, Inc. (In re Marine Optical, Inc.)*, 10 B.R. 893, 4 C.B.C.2d 837, 7 B.C.D. 742 (Bkrtcy.App.P.D.Mass.1981). Even if this protection were to prove inadequate and a superpriority for the deficiency were allowed by the Court, an award of interim compensation could still be made under appropriate circumstances. *In re Callister*, 15 B.R. 521, 8 B.C.D. 446 (Bkrtcy.D.Utah 1981). Thus, the fact that an award of interim compensation would be paid from cash collateral is not grounds to deny an award of interim compensation.

Still, the Court does find merit in the argument of these secured creditors that it is premature to properly value the services which Applicant has rendered, but in the Court's view, this goes to the amount of interim compensation to be awarded Applicant rather than Applicant's right to interim compensation.

The Court is therefore of the opinion that the objections of Credit Alliance, Leasing Service, and C & S must be denied, but that the issue of whether Applicant's application is premature should be considered by the Court in making its award of interim compensation.

In considering Applicant's application for interim compensation, a three-step procedure is required. First, the Court must determine the nature and extent of the services rendered by examining the itemization provided by Applicant. Then the Court must determine the value of the services. Finally, the Court must discuss how each of the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) affected the Court's determination. *Scarboro v. ITT Industrial Credit Co. (In re Scarboro)*, 13 B.R. 439, 8 B.C.D. 72, 4 C.B.C.2d 1222 (M.D.Ga. 1981). When the award is for interim compensation, the Court must consider, in addition to the twelve *Johnson* factors, certain other factors.

Although Section 331 provides statutory authority for the award of interim compensation, which authority was absent from the Bankruptcy Act, it does not change the law with respect to interim compensation which has arisen in some jurisdictions. 2 Collier on Bankruptcy ¶ 331.03 (15th ed. 1981); H.R.Rep.No.95–595, 95th Cong., 1st Sess. 330 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. 42 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

This is a Court of the Eleventh Circuit, but it is bound by decisions of the former United States Court of Appeals for the Fifth Circuit which were handed down prior to September 30, 1981.[2] Thus, this Court is bound by the decision of the former United States Court of Appeals for the Fifth Circuit in, *Machinery Rental, Inc. v. Herpel (In re Multiponics, Inc.)*, 551 F.2d 1049 (5th Cir. 1977).

In effect, the *Multiponics* decision adds three factors for this Court to consider in making awards of interim compensation.[3] These are:

1. conflicting interests of secured creditors;

2. any benefit which might have been received by objecting secured creditors; and

---

**2.** *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981).

**3.** The mandate to guard against duplicative services and compensation for nonlegal services is still applicable under *Scarboro, supra*, but the concept of setting fees in the Bankruptcy Court at the "lower end of the spectrum of reasonableness," *Am. Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1299 (5th Cir.) reh. denied, 547 F.2d 573 (5th Cir.), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), has been legislatively overruled. H.R.Rep.No.95 595, 95th Cong., 1st Sess., 330 (1977).

3. that awards of interim compensation should be well below any possible award of final compensation.

█ After careful consideration of Applicant's itemization, the Court finds no unnecessary duplication of services or inclusion of nonlegal services. The application therefore seeks compensation for 696 hours of attorney time, and 97 hours of Research Assistant time for which Applicant is entitled to be compensated. The total professional services thus involve 793 hours of time. The nature of these services include, inter alia, legal research, the preparation and filing of legal documents, negotiation and representation of the Debtor before this Court.

After consideration of Applicant's application, the Court has determined that the value of the services rendered to the Debtor are at least valued at $35,104.50. Since the Court has determined, for the reasons hereinafter stated in this opinion, that Applicant is entitled to receive at this time only 75 percent of the interim compensation which it seeks, the Court need not at this time consider whether the value of Applicant's services exceed the $35,104.50 award.

In making this determination, the Court considered the twelve factors of the *Johnson* case as follows:

1. The time and labor required—
   Applicant has shown that it has rendered 793 hours of professional services.

2. The novelty and difficulty of the questions—
   This Chapter 11 case is complex and has presented a number of novel and difficult questions to Applicant. In particular, the case has presented a number of novel procedural questions and has presented difficult questions in the area of adequate protection and use of cash collateral. In addition, certain questions of trust law have been involved, and the case presents difficult questions in the area of secured transactions.

3. The skill requisite to perform the legal service properly—

Applicant's attorneys are well acquainted with Chapter 11 problems and have the skill necessary to properly represent the Debtor.

4. The preclusion of other employment due to acceptance of the case—
   The substantial time spent in representing the Debtor by Applicant's attorneys necessarily means that they have been precluded from other matters. In handling what amounts to a substantial case, attorneys should be well compensated because the time required in the substantial case necessarily limits their ability to originate other matters.

5. The customary fee—
   The hourly fees stated by Applicant are within the hourly rates charged by comparable attorneys in comparable cases.

6. Whether the fee is fixed or contingent—
   While Applicant's charges have been contractually agreed to by the Debtor, they are still subject to being awarded by this Court under Section 330 of the Bankruptcy Code. The fee is thus not truly fixed or contingent but has some characteristics of both. It is also contingent to the extent that the Debtor must have funds sufficient to pay Applicant's compensation, and this is a concern in most bankruptcy cases. Applicant is entitled to be compensated for the uncertainty that exists in this case.

7. Time limitations imposed by the client or the circumstances—
   The Court is aware that a number of matters in this case have been handled on an expedited basis, and Applicant is entitled to be compensated for this.

8. The amount involved and the results obtained—
   This is a large reorganization, and the complex problems it presents require that attorneys who properly handle its problems be properly compensated. However, since the Court cannot judge

the results obtained at this time, this factor, as well as other factors, requires that only a partial award of compensation be made to Applicant at this time.

9. The experience, reputation, and ability of the attorneys—

Applicant's attorneys are experienced in the bankruptcy area, and especially in the area of Chapter 11. They have a good reputation with the Court, and have demonstrated the ability to represent the Debtor's interest.

10. The "undesirability" of the case—

The Court agrees with Applicant that this factor has no bearing in this particular case.

11. The nature and length of the professional relationship with the client—

Applicant has shown no attorney-client relationship between it and the Debtor prior to this case. Therefore, as this factor is considered in the *Johnson* case, it has little bearing on the Court's award.

12. Awards in similar case—

To the extent that this case can be compared to other Chapter 11 cases and this award can be compared to awards therein, it is quite similar.

Having considered the twelve factors of the *Johnson* decision, the Court is of the opinion that Applicant should be awarded $35,104.50 as interim compensation. This is an award of 75 percent of the interim compensation sought by Applicant. The Court has determined that this percentage award is required by certain special considerations which exist in this case. Some of those special considerations are as follows:

1. Any award of interim compensation will probably be paid out of the cash collateral. Credit Alliance, Leasing Service, and C & S have interests in this cash collateral and have voiced their objections to its use to pay the award of interim compensation. Although their interests are currently being protected by the Court, the Court cannot simply ignore the effect that this payment of interim compensation has on the cash collateral posi-

tion of the Debtor. *See In re Western Farmers Association*, 7 B.C.D. 1214, 13 B.R. 132 (Bkrtcy.W.D.Wash. 1981).

2. Other than the preservation of going-concern values for the assets of the Debtor and the production of new accounts receivable, Applicant's services have not benefited the objecting secured creditors.

3. The Court is concerned about the potential for the Debtor's successful reorganization. As yet, the Debtor has filed no Plan of Reorganization and its financial condition appears to be tenuous. These conditions prevent the Court from being able to fully determine the value of the Applicant's services because the Court is unable to determine the results in this case.

4. The Court's award must not destroy the incentive for counsel to diligently handle the case.

For a discussion of the principles that the Court should apply in awarding interim compensation, *see* 2 Collier on Bankruptcy ¶ 331.03 (15th ed. 1981).

In a prior award of interim compensation in this Court, a Chapter 11 debtor's attorneys were awarded compensation approaching the full amount requested. *In re Huckabee Auto Company*, 80–00151–Mac (Bkrtcy.M.D.Ga.1981). The Court must note that the award in *Huckabee* was uncontested, once certain deletions were made to the attorneys' itemization, and that the attorneys therein did not seek payment from the debtor until the close of the case. Thus, the considerations of *Multiponics* were not present in *Huckabee*.

Accordingly, the Court will award Applicant $35,104.50 as interim compensation for professional services. Since $30,500.00 of this amount has been paid, Applicant may receive an additional $4,604.50 from the Debtor in payment of this compensation. The Court will also allow the Debtor to reimburse Applicant in the amount of $1,335.14 for actual and necessary expenses.