**In the Matter of Joseph W. MALASPINA, Lynn L. Malaspina, Cleano Kenneth Malaspina and Theresa Francis Malaspina, Debtors.**

**Bankruptcy Nos. 81–3537, 81–3538.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 18, 1983.

Bart Tyson, Pittsburgh, Pa., for petitioners.

Gary Nelson, Pittsburgh, for objectors.

Donald R. Calaiaro, Pittsburgh, Pa., trustee.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is Petition for Interim Attorney's Fees filed by attorney for debtors under Chapter 13 of the Bankruptcy Code. Debtors' attorney seeks payment of his fees from the sale proceeds of certain of debtors' real property which was subject to two mortgages. Upon satisfaction of the first mortgage, there remained a fund from which debtors' attorney now seeks payment of interim fees for services rendered during the Chapter 13 proceedings to date. The second mortgagee, who is also first mortgagee on certain other parcels in the debtors' estates, has filed objections to the Petition for Interim Attorney's fees.

After careful consideration of the arguments advanced by counsel, the Court concludes that there is no authority for payment of interim attorney's fees in the factual setting at bar. Accordingly, the Petition for Interim Attorney's Fees is denied.

The facts are as follows. On December 24, 1981, Joseph Malaspina, et ux., and Cleano Kenneth Malaspina, et ux. filed petitions under Chapter 13 of the Bankruptcy Code at numbers 81–3537 and 81–3538 respectively. Both petitions were filed by the attorney who is presently seeking interim compensation.

On the Schedules of Cleano Kenneth Malaspina, et ux., the following creditors holding security were listed: First Seneca Bank, holder of a mortgage in the amount of $48,434.; and Security Pacific Consumer Discount Company holder of a mortgage upon four properties in the amount of $130,000. On the Schedules of Joseph Malaspina et ux., Security Pacific Consumer Discount Company was also listed as mortgagee on four properties in the amount of $130,000.

In February, 1982, Security Pacific Finance Corporation filed Complaints for Termination of the Automatic Stay in both of the aforementioned estates. In the complaint filed against Cleano Kenneth Malaspina et ux., Security Pacific alleges the following. In October, 1980 Cleano Kenneth Malaspina et ux. and Joseph Malaspina et ux. executed a mortgage in favor of Security Pacific upon four separate properties in the amount of $130,000.; bearing

interest at an annual rate of 18% and payable in 120 consecutive payments of $2414.83. The mortgage is in default, and the amount due is $161,731.54 plus interest and costs. Security Pacific alleges that the value of the assets subject to the mortgage is less than the total amount owing on the mortgage, and requests relief from the automatic stay.

The complaint further alleges that Cleano Kenneth Malaspina et ux. entered into a mortgage in favor of Keystone Bank, (now First Seneca Bank and Trust Company) in the amount of $60,000 upon property known as 1306 Greensburg Road, "Mal's Center". The mortgage is currently in default, and the amount owed is $50,988.41 plus interest and costs. First Seneca joins in Security Pacific's request for relief from stay.

The Complaint for Termination of the Automatic Stay brought by Security Pacific against Joseph Malaspina et ux. also alleges debtors' default upon the aforementioned mortgage with Security Pacific. Joseph Malaspina et ux. were not parties to the mortgage in favor of First Seneca.

By Order of Court dated April 29, 1982, the separate adversary proceedings were consolidated. Debtors were authorized to obtain credit on a secured basis to be used in payment of the existing obligation to Security Pacific. The debt was secured by a second mortgage on 1306 Greensburg Road, ("Mal's Center"); and by a first mortgage lien on the remaining properties of debtors' estates.

With respect to the property known as "Mal's Center", the Order allowed debtors a certain period of time to secure a written agreement of sale. The Order further provided that if upon expiration of time, debtors' had failed to secure a buyer, the property would be sold at public sale in this Court.

Mal's Center was subsequently sold for $135,000. After satisfaction of the first mortgage held by First Seneca Bank, there were proceeds in the amount of $73,000. It is from this fund that attorney for the debtors seeks payment of interim fees.

In his brief in support of payment of interim fees, counsel for the debtors argues that interim fees of the attorney for debtor are administrative expenses pursuant to 11 U.S.C. § 503, and are entitled to the highest priority. Counsel for the debtors further argues that Security Pacific has shown no actual deficiency with respect to collateral on which it was given a second mortgage, and is therefore not entitled to a superpriority. Counsel cites *Matter of Georgia Steel, Inc.* 19 B.R. 834 (Bkrtcy.M.D.Ga.1982) in support of his contentions.

In response thereto, counsel for Security Pacific argues that payment of interim compensation out of the cash collateral is impermissible, for the administrative expense claimed does not fall within the narrow exception set forth in 11 U.S.C. § 506(c). Security Pacific further argues that there is no statutory authority allowing legal fees to be charged against the sale proceeds of property securing an allowed secured claim.

The Court now examines the relevant provisions of the Bankruptcy Code cited by the parties in support of their arguments. Section 503(b) provides in pertinent part as follows:

§ 503 Allowance of Administrative Expenses

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(2) compensation and reimbursement awarded under section 330 of this title.

Further, § 507 sets forth the priority of attorney's fees as an administrative expense as follows:

(a) the following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title

. . .

Thus, attorney's fees are an allowable administrative expense under § 503(b)(2); and are afforded a priority under § 507(a)(1). Further, § 330 permits the Court to award reasonable compensation

for actual, necessary services rendered by attorney for the debtor; and § 331 authorizes attorney for the debtor's application to the Court for interim compensation.

However, in considering counsel's petition for payment of interim attorney's fees out of a fund derived from the sale of property subject to a second mortgage, it is further necessary to examine the nature of the second mortgage in the case at bar, and the issue of adequate protection presented herein.

It is clear that the remedies of a creditor holding a secured claim can be suspended or abrogated. However, "the value of its secured position as it existed at the commencement of the case is to be protected throughout the case when adequate protection is required." (*Collier on Bankruptcy,* § 361.01 at 361–6, 15th ed. 1982).

Section 361 of the Bankruptcy Code provides in pertinent part as follows:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by ...

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property.

As further stated in *Collier on Bankruptcy,* "adequate protection both as a matter of policy and of constitutional law will extend only to a creditor's 'allowed secured claim', and the unsecured part of a claim which is only partially secured will not be entitled to adequate protection." *Collier on Bankruptcy* 361.01 at 361–6, 15th ed. 1982.)

In the case at bar, Security Pacific was given a second mortgage upon the "Mal's Center" property as adequate protection for its original mortgage upon four other properties. Therefore, Security Pacific has an additional lien only to the extent that there is a decrease in the value of the original collateral as a result of the stay.

Herein, attorney for the debtors seeks payment of interim fees out of the fund derived from sale of the property subject to Security Pacific's second mortgage. However, it is not until the sale of properties subject to Security Pacific's original mortgage that any diminution in the value of the original collateral can be determined. Nor can the extent of Security Pacific's second mortgage upon "Mal's Center" be determined until that time. Therefore, payment of interim attorney's fees out of the fund resulting from the sale of "Mal's Center" cannot be considered at this juncture.

Additionally, § 507(b) grants a super-priority to post-petition creditors in the event that the adequate protection requirements of § 361 prove to have been inadequate. Moreover, such administrative claim is given priority over every other allowable administrative claim. (*Collier on Bankruptcy,* 507.05 at 507–47, 15th ed. 1982). Therefore, the existence of a possible super-priority must be ascertained prior to allowance of interim attorney's fees in the case at bar.

Based upon the foregoing, the Court concludes that allowance of the petition for interim attorney's fees is premature at the present time. Accordingly, the petition is denied.