**In re DASCOLI'S, INC., t/a Dascoli's Restaurant, Debtor.**

**Bankruptcy No. 84–01497K.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 24, 1985.

David I. Davis, King of Prussia, Pa., for debtor.

Allen B. Dubroff, Thomas M. Jackal, Philadelphia, Pa., for movant/Jerry Karalis.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A motion for relief from the automatic stay is before the Court. For the reasons

---

set forth herein, the motion will be granted for "cause" under 11 U.S.C. § 362(d)(1).

The facts are as follows:[1]

On or about April 28, 1977, Amerigo "Burr" Dascoli and Janice T. Dascoli (hereinafter "Dascolis") entered into a sale agreement with Jerry Karalis ("movant"). The sale agreement provided for the movant's sale of two (2) dining cars and their contents located at 1765 DeKalb Pike, Norristown, Pennsylvania, to the Dascolis in exchange for forty (40) quarterly installment payments of $3,000.00 and a lump sum payment of $86,758.81. As part of the sale agreement, the Dascolis executed a promissory note and security agreement, granting movant a purchase-money security interest in the dining cars and their contents.

The lease agreement between the Dascolis and movant provided for the Dascolis' rental of the land on which the dining cars were located for a period of ten (10) years at the rental rates recited in the agreement. Both the sale agreement and the lease contained clauses specifically prohibiting the Dascolis from assigning, selling, or leasing the property in question without the prior written consent of the movant.

After executing the agreements with movant, the Dascolis proceeded to open a restaurant/diner business on the premises. The business has been operating under the name of Dascoli's Inc., a Pennsylvania corporation, from approximately May, 1977 until the present. Mr. Dascoli is the secretary, treasurer, and sole shareholder of the corporation. The corporation filed a petition under Chapter 11 of the Bankruptcy Code on May 10, 1984.

Sometime prior to October 9, 1984, the Dascolis defaulted on the terms of the agreements. Movant obtained judgments from the Montgomery County Court of Common Pleas against the Dascolis as individuals for the defaults on the note and lease. The judgments are docketed in Montgomery County as follows: judgment for possession of real property (# 84–15251), money judgment for rent (# 84–15254), and money judgment on note (# 84–15257). A writ of possession was issued and served upon the Dascolis by the Sheriff of Montgomery County. The Sheriff began to deliver possession of the property to movant, pursuant to the writ, on December 20, 1984. However, counsel for the debtor, Dascoli's, Inc., informed the Sheriff that the corporation had filed a petition in bankruptcy involving the subject property, and all further action was therefore prohibited by the automatic stay which arose upon the filing of the bankruptcy. In order to avoid a possible violation of the automatic stay, the Sheriff postponed the ejectment proceeding.

The movant has filed two (2) motions seeking a determination that the automatic stay is inapplicable to the property, or, in the alternative, for relief from the automatic stay. A hearing was held on February 21, 1985, at which time we held the matter under advisement.

Immediately upon the filing of a petition in bankruptcy, an automatic stay arises which bars—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) *any act to obtain possession* of property of the estate or *of property from the estate* or to exercise control over property of the estate;

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; ...

11 U.S.C. § 362(a), (1)–(6). (emphasis added)

■ For the purposes of our discussion, section 541 of the Code defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case", wherever located, and by whomever held. 11 U.S.C. § 541(a)(1). The question of what constitutes a legal or equitable interest in property sufficient to make it "property of the estate" under § 541 of the Code is not answered in the Code itself. Rather, the nature and extent of the interest of the debtor is to be determined under nonbankruptcy law. *Intermet Realty Partnership v. First Pennsylvania Bank N.A.* (In re Intermet Realty Partnership) 26 B.R. 383 (Bankr.E.D.Pa.1983), *In re Lloyd,* 18 B.R. 624 (Bankr.E.D.Pa.1982).

■ It is clear from the legislative history of the Code that to the extent an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate. 4 *Collier on Bankruptcy,* ¶ 541.06, p. 541–26 (15th ed. 1984). When a debtor's legal and equitable interest in property are terminated prior to the filing of the petition, the Bankruptcy Court cannot then cultivate rights where none can grow. *In re Butchman,* 4 B.R. 379, 381 (Bankr.S.D.N.Y.1980); *In re GSVC Restaurant Corp.,* 3 B.R. 491 (Bankr.S.D.N.Y.1980) *aff'd* 10 B.R. 300 (D.C.N.Y.1980).

■ In this case, movant contends that the automatic stay is not applicable either to the real property leased to the Dascolis, or the dining cars and interior contents sold to the Dascolis in 1977, because the lease and personal property are not "property of the estate" within the meaning of § 541. We agree with movant's assertion that neither the personal property nor the real property are "property of the estate". Clearly, the debtor did not acquire possession of the property in question under a valid assignment. Both the lease and the sale agreement between the Dascolis and movant prohibited any assignment of the property without the prior written consent of the movant. We find movant's statements that he never gave his consent to an assignment, or acquiesced in an assignment entirely credible. The evidence showed that all rental payments and payments on the note were made with checks that had no corporate identification. Therefore, movant's assertion that he had no knowledge of the corporation's existence or of the corporation's bankruptcy until December, 1984, when he attempted to pursue state court remedies against the Dascolis for their failure to tender the required payments, is also plausible.

The definition of property of the estate has been broadly construed in some cases to include a debtor's possessory interest in property, even when the lease was validly terminated prior to the bankruptcy filing. *See Fields v. Lewis* (In re Lewis), 15 B.R. 643 (Bankr.E.D.Pa.1981). For example, in *Colonial Village Meat Market Leasing, Inc. v. Andorra Meat Market, Inc.* (In re Andorra Meat Market, Inc.) 7 B.R. 744 (Bankr.E.D.Pa.1980), we held that a debtor's technical or "de facto" possession of premises created a "scintilla of equitable interest" in the premises sufficient to invoke the protection of the automatic stay. In that case, however, we granted relief from the stay for "cause" under § 362(d)(1) because the premises had been destroyed by fire, the prime lease had been terminated prior to the bankruptcy, no rent was being paid, and there was no § 365 interest for the debtor to assume.

Since our holding in *Andorra Meat Market,* the federal bankruptcy statute has been amended by the Bankruptcy Amend-

**522**

ments and Federal Judgeship Act of 1984, Pub.L. 98–353. Section 541(b) of title 11 now provides that:

Property of the estate does not include—

(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case.

The import of section 541(b)(2) as amended is to overrule cases such as *Andorra Meat Market* so that the stay would no longer be applicable to situations where the leasehold is nonresidential property and the lease expired before the bankruptcy or during the case. Of course, in the case at bench, the debtor never had a valid lease with movant that could have been terminated prior to bankruptcy or during the case. Therefore, we hold that the debtor in this case has no legal or equitable interest in the property in question. Nevertheless, we do not find that the automatic stay is inapplicable here. Pursuant to § 362(a)(3), the stay applies against "any act to obtain possession ... of property from the estate". Since movant here attempts to regain possession of property currently in the use and possession of the debtor, he is required to seek relief from the stay. *See Associated Hobby Manufacturers, Inc. v. Rohde & Liesenfeld, GMBH & Co.* (In re Associated Hobby Manufacturers, Inc.), 33 B.R. 959 (Bankr.E.D.Pa.1983).

Section 362(d)(1) provides that the Court may lift the automatic stay for "cause". In this case, in the absence of any legal or equitable interest of the debtor in this property, we find that the stay should be lifted for "cause". There is no controlling reason to keep the stay in effect here, as to do so would only frustrate movant's legitimate aim of recovering his property from a debtor who now occupies the premises and has possession of personal property

without any legal or equitable right to do so. An appropriate order follows granting the movant's motion for relief from the automatic stay.