**In re CARPET CENTER LEASING COMPANY, INC., Debtor.**

**Paul W. BONAPFEL, As Trustee for the Estate of Carpet Leasing Company, Inc., Plaintiff–Appellant,**

v.

**NALLEY MOTOR TRUCKS, A DIVISION OF NALLEY CHEVROLET, Paccar Financial Corp., Defendants–Appellees.**

No. 92–8223.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1993.

George Frank Nason, Lamberth Bonapfel Cifelli & Willson, J. Michael Lamberth, Atlanta, GA, for plaintiff-appellant.

Thomas Rosseland, Bodker Ramsey & Andrews, Atlanta, GA, for defendants-appellees.

Before KRAVITCH and ANDERSON, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Upon consideration of the appellant's Petition for Rehearing, the panel has concluded that the original opinion at 991 F.2d 682 (11th Cir.1993) be amended by adding the following paragraphs immediately following the final paragraph of Part II.A:

The Trustee's reliance on § 361(3) is misplaced. Section 361(3) states that adequate protection required under section 362, 363, or 364 may be provided by "granting such other relief, *other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense,* as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361(3) (emphasis added). Although this language, at first blush, seems to contradict the allowance of such an administrative expense claim as in § 507(b), the legislative history of § 361(3) clarifies the issue.

Section 361(3) prohibits only the granting of an administrative expense claim as adequate protection *as an initial matter.* In drafting this provision, Congress was concerned about undersecured creditors being lured into forgoing the right to foreclose on collateral by the illusory promise of an administrative expense claim, when the estate's assets would later prove to be insufficient to

make such payments. 124 Cong.Rec. 32,395 (1978) ("In every case there is the uncertainty that the estate will have sufficient property to pay administrative expenses in full."). Hence, the goal of § 361(3) is to protect creditors, not debtors, and its prohibition applies only to the initial form of adequate protection allowed. Despite this ex ante prohibition on the use of an administrative expense claim, it is specifically allowed as a *remedy* for the later failure of the adequate protection granted. The legislative history reinforces this construction: "To the extent the protection proves to be inadequate *after the fact,* the creditor is entitled to a first priority administrative expense under section 503(b)." *Id.* (emphasis added).

Section 507(b) thus implies that an administrative expense claim under § 503(b) will be allowed where adequate protection payments prove insufficient to compensate a secured creditor for the diminution in the value of its collateral. "It is an attempt to codify 'a statutory fail-safe system in recognition of the ultimate reality that protection previously determined the "indubitable equivalent" ... may later prove inadequate.'" *In re Becker,* 51 B.R. 975, 979 (Bankr.D.Minn. 1985) (quoting *In re Marine Optical, Inc.,* 10 B.R. 893, 894 (Bankr.D.Mass.1981)).

This construction of the Code makes clear that Nalley's claim for administrative expenses arose, not from any deficiency claim based on the underlying pre-petition obligation, but entirely under § 503(b) as an post-petition "actual, necessary cost[ ] and expense[ ] of preserving the estate." 11 U.S.C. § 503(b). Consequently, the bankruptcy court and the district court correctly held that compliance with state law is irrelevant to the allowance of a claim for administrative expenses under § 507(b).

Except as above amended, the original opinion shall remain in full force and effect.

The Petition for Rehearing is DENIED and no member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35–5), the Suggestion of Rehearing En Banc is DENIED.