**In re WILSON FREIGHT COMPANY, et al., Debtors,**

v.

**CITIBANK, N. A., Appellant,**

v.

**OFFICIAL CREDITORS' COMMITTEE OF WILSON FREIGHT COMPANY and Marcus Leitner, Greene & Preefer, P. C., Appellees.**

No. 82 Civ. 1386 (WK).

United States District Court,
S. D. New York.

June 11, 1982.

Shearman & Sterling by George J. Wade, Charles B. Manuel, Jr., Joanna Shally, New York City, for appellant Citibank, N. A.

Marcus, Leitner, Greene & Preefer, P. C., New York City, pro se by Peter D. Wolfson, New York City, for appellee.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Citibank, a secured creditor in this Chapter 11 proceeding who claims that the Debtors' assets are not sufficient to satisfy its security interest, appeals from the February 16, 1982 Order of the Bankruptcy Court (Lifland, J.) granting interim counsel fees to duly appointed counsel of an authorized creditors' committee. We affirm the Order of the Bankruptcy Judge and deny Citibank's [presumed] application to continue our heretofore granted stay of that Order, except that we continue such stay until June 21, 1982 to provide time for an appropriate application to the Court of Appeals.

*Proceedings Before the Bankruptcy Court*

This Chapter 11 proceeding involves the Wilson Freight Company, a large trucking company with operations throughout the Eastern United States, and six of its wholly-owned subsidiaries (the Debtors). Their Chapter 11 petitions were filed on July 23, 1980; and on the same day the Bankruptcy Court entered an order continuing the Debtors in possession.

Citibank had for several decades financed the Debtors on a secured basis. At the time the petitions were filed the Debtors' indebtedness to Citibank exceeded $22,000,000, secured by virtually all of the Debtors' assets. Shortly after the petitions were filed there apparently occurred a conference before the Bankruptcy Judge in which he suggested to Citibank that its "proper course" might be to abort the Chapter 11 proceedings by taking possession of the collateral in which it claimed an interest; *see generally*, 11 U.S.C. §§ 362, 363 and 364, and Bankruptcy Rules 701, 703). Citibank did not follow this suggestion but on the contrary continued to advance additional funds (which ultimately totaled nearly $12,000,000) to keep the Debtors afloat. On August 1, 1980 a committee of unsecured creditors was duly appointed, and authorized to retain counsel. The order allowing the retention of counsel contained the following provision:

"ORDERED, that the compensation of [retained counsel] for their services on

behalf of the Committee shall be hereafter fixed by this Court, upon a proper application therefore [sic]."

It does not appear that Citibank or anyone else objected to the foregoing order.

After entry of the order authorizing their retention, counsel for the committee performed various services which the Bankruptcy Judge subsequently characterized as having "benefited all who have an interest in the assets, including the secured party [Citibank]".

*The Application for Interim Compensation*

On February 8, 1982 (18 months after entry of the order authorizing their retention), counsel for the committee filed an application for interim compensation. Citibank has—we believe justifiably—criticized as "very summary" this application's statement of services performed.

Citibank opposed this application by filing a five-page affidavit of counsel, the fourth paragraph of which asserted:

"4. Citibank objects to the requests for interim allowances for two principal reasons: (1) the Creditors' Committee's request wrongfully seeks compensation from assets and funds in which Citibank claims security interests, and (2) the requests are premature."

The United States Trustee filed a Statement which, among other things, supported Citibank's contention that its position as a secured creditor entitled it to object to payments of interim compensation to counsel for a committee of unsecured creditors.

At the opening of the hearing on the application, the attorney appearing for Citibank requested an adjournment on the ground that no lawyer familiar with the case was in a position to attend and that the attorney actually attending was unable intelligently to participate in the proceedings. The Bankruptcy Judge denied this application on the ground, among others, that the petition presented only questions of law and that no "questions of fact . . .

are at issue, so there is really no need for any kind of a hearing".[1] Thereafter, although the attorney representing Citibank does not appear to have withdrawn from the courtroom, he made no objection to anything that transpired.

After hearing argument of counsel—especially that of the United States Trustee who strongly supported Citibank's position—the Bankruptcy Judge ruled that the application for interim compensation was proper despite the objection raised by Citibank in its capacity as a secured creditor. Then, basing his findings upon knowledge he had obtained in the 18 months during which he had presided over this Chapter 11 proceeding, the Bankruptcy Judge made the award now under appeal. Among other things, he specifically found:

"And I think it is very clear from my knowledge of this particular case that the Creditors Committee counsel has been very active in the case and taken a very strong position in preserving and protecting the assets which have benefited all who have an interest in the assets, including the secured party."

On February 23, 1982 (12 days after completion of the hearing) the United States Trustee filed a "Statement" abandoning the position it had theretofore taken, and expressing the view that counsel for the committee were indeed entitled to interim compensation.

*Discussion*

■ We note at the outset that there is only one question properly before us: Was the Bankruptcy Judge entitled, as a matter of law, to entertain the application for interim compensation? Although Citibank's affidavit in opposition was somewhat ambiguous, we hold that the Bankruptcy Judge was entitled to construe it as raising only questions of law as to which there was "no need for any kind of hearing"; and we further hold that Citibank is estopped by its failure to protest this ruling at the time it

1. Citibank does not—and in good conscience could not—suggest that the Bankruptcy Judge abused his discretion in denying this request for an adjournment.

was made.[2]  We are accordingly not concerned with whether or not the interim petition was adequate in form; whether counsel's labor was in fact as fruitful as the Bankruptcy Judge found it to be; or whether the Bankruptcy Judge was justified in his optimistic expectation that the Chapter 11 proceeding would ultimately result not only in Citibank's being fully paid, but in providing something for the general creditors as well.  All those questions could have been litigated at a factual hearing had one been demanded.  They are not now before us.

■ Turning to the question that is before us, it boils down simply to this: In an "under secured" Chapter 11 proceeding (that is to say, a proceeding where it is probable or at least possible that there will ultimately be insufficient assets to satisfy the secured creditors), does the bankruptcy court have jurisdiction to allow interim compensation to counsel for a committee of unsecured creditors?

■ So far as we can determine, this is a question of first impression at the district court level, cf. *Callister v. Ingersoll-Rand Financial Corp.* (10th Cir. 1982) 673 F.2d 305 (referring to the opinion of the Bankruptcy Court; *In re Codesco, Inc.* (Bkrtcy.S.D.N.Y. 1981) 15 B.R. 354; *In re Louis Marx* (Bkrtcy.S.D.N.Y.1981) Slip Op. No. 80 B 10150, and turns on a reconciliation of the somewhat inconsistent provisions of §§ 330, 503 and 506 of the Bankruptcy Code. We shall not attempt a linguistic analysis of these apparent inconsistencies.  We simply note that we are persuaded by the logic of the Bankruptcy Judge's position (subsequently adopted by the United States Trustee) that the Congress would not have pro-

vided the elaborate procedures envisioned by Chapter 11—including specific authority for the appointment of committees for unsecured creditors and their counsel—unless it intended such provisions to be made workable by permitting the compensation of committee counsel in appropriate situations.[3]  We accordingly affirm the award on substantially the grounds stated by the Bankruptcy Judge on the record below.

Our confidence in this conclusion is fortified by Citibank's heavy reliance on *In re Sapphire Steamship Lines, Inc.* (2d Cir. 1975) 509 F.2d 1242 and *In re American Express Warehousing, Ltd.* (2d Cir. 1975) 525 F.2d 1012, neither of which has any bearing on the question before us.  Both of those cases are concerned with restrictions upon applications by ordinary creditors to be compensated for work done for their own clients, but claimed to have been beneficial to others as well.  Neither case has any bearing on an application—like the one at bar—by counsel to a duly appointed committee acting pursuant to an order which specifically envisions that he will be compensated from the Debtors' estate.

### The Appealability of the Order Below

■ We have not overlooked the dispute between the parties as to whether or not this appeal is from a "final" order and whether it was timely.  We need not, however, resolve those questions.  We have discretion to allow the appeal under 28 U.S.C. § 1334(b).  Since the question presented is apparently one of first impression, such discretion should be exercised in favor of allowing the appeal.

---

**2.**  We recognize that the attorney representing Citibank at the hearing professed ignorance of the issues involved in the case.  However, he certainly had adequate opportunity—by telephone conference with more knowledgeable attorneys—to ascertain whether or not the bank thought an evidentiary hearing necessary.  Citibank is therefore estopped by its failure to object to the Bankruptcy Judge's ruling that there was "no need for any kind of a hearing" (A. 173).

**3.**  We take judicial notice that such committees are usually made up of diverse creditors without the practical ability to organize themselves and raise funds for the compensation of counsel.  That the particular committee involved in this case is made up of corporations apparently able to finance its operations might have been relevant to the exercise of the Bankruptcy Judge's discretion (which is not under review at this time), but has no bearing on the proper interpretation of the statute.

It now seems doubtful to us that—in light of our present view of the law—we should have granted a stay pending appeal despite the Bankruptcy Judge's refusal to do so. However, if we were improvident in that regard we shall continue our improvidence for another ten days to allow the Court of Appeals the opportunity to express its views on the matter.

In conclusion, the order appealed from is affirmed, Citibank's [presumed] application for a stay pending further appeal is denied, except that the present stay is continued until 5:00 p. m. on June 21, 1982.

SO ORDERED.