744 F.2d 16
 12 Bankr.Ct.Dec. 849
 In re NEW ENGLAND CARPET CO., Debtor.
GRAVEL, SHEA & WRIGHT, LTD., Appellant,
v.
BANK OF NEW ENGLAND, the Merchants Bank, and Vermont
Development Credit Corporation, Appellees.
 Cal. Nos. 994, 1068, Dockets 83-5069, 83-5073.
 United States Court of Appeals,
Second Circuit.
 Argued April 2, 1984.
Decided Sept. 17, 1984.
 
 1
 Norman Williams, Burlington, Vt. (Gravel, Shea & Wright, Ltd., Burlington, Vt., of counsel) for appellant.
 
 
 2
 Bertin C. Emmons, Boston, Mass. (Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., of counsel for appellee Bank of New England, N.A.; Matthew Katz and Latham, Eastman, Schweyer & Tetzlaff, Burlington, Vt., of counsel for appellee The Merchants Bank; Andrew Field, Montpelier, Vt., of counsel, for appellee Vermont Development Credit Corporation in No. 83-5073).
 
 
 3
 Joseph C. Palmisano, Barre, Vt., Trustee, filing brief in No. 83-5073.
 
 
 4
 Joseph C. Palmisano, Barre, Vt. and Andrew Field, Montpelier, Vt., filing brief for appellee Vermont Development Credit Corporation in No. 83-5069.
 
 
 5
 Before VAN GRAAFEILAND, CARDAMONE, Circuit Judges, and BRIEANT*, District Judge.
 
 PER CURIAM
 
 6
 Gravel, Shea & Wright, Ltd., attorney for New England Carpet Co. (New England), the debtor-in-possession in a chapter 11 bankruptcy proceeding, appeals from a judgment of the United States District Court for the District of Vermont (Holden, J.), entered on November 14, 1983. 38 B.R. 703. The judgment affirmed a bankruptcy court order, 28 B.R. 766, which denied appellant's application for payment of its fees by the debtor's secured creditors and dismissed as moot the appeal from a second order which authorized the trustee to abandon certain encumbered machinery and equipment of the debtor after the chapter 11 proceeding was converted into a chapter 7 liquidation. We affirm.
 
 
 7
 New England filed for chapter 11 reorganization on June 30, 1981, and appellant was appointed its attorney nunc pro tunc on July 14, 1981. Appellee banks, which had valid and perfected pre-petition security interests in all of the inventory, accounts, and contracts of the debtor-in-possession, were given a first-security interest in all of the debtor's post-petition assets in order that the debtor might continue its operations and make limited use of cash collateral.
 
 
 8
 Appellant applied for interim attorney's fees and expenses on October 7, 1981. Before that application was acted upon, the reorganization proceeding aborted. Appellant then filed a claim for final compensation in the chapter 7 proceeding. In denying this claim, the bankruptcy court made two significant findings: (1) the secured parties did not consent to participate in the payment of administration expenses, and (2) the services of the attorney were "almost exclusively" for the benefit of the debtor and were without any financial benefit to the secured creditors. The district court held that these findings were not clearly erroneous. See 11 U.S.C. Bankruptcy Rule 8013 (1983). We agree. Under the circumstances, the bankruptcy court did not err in failing to allow either the interim or final application for fees. In re Flagstaff Foodservice Corp., 739 F.2d 73 (2d Cir.1984).
 
 
 9
 Appellant's appeal from the order of abandonment concededly was brought "to insure that it would be paid by VDCC [Vermont Development Credit Corporation] if attorney's fees were awarded under section 506(c)." Because attorney's fees have not been awarded, the district court correctly dismissed this appeal as moot.
 
 
 10
 Affirmed.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation