PER CURIAM.
John R. Kotts appeals from the district court’s[1] affirmance of the bankruptcy courts’ refund orders under 11 U.S.C. § 329. For reversal, Kotts argues that the bankruptcy court had no authority to order a refund because Kotts represented debtors rather than debtors-in-possession, and that the nature of the hearing and supporting evidence violated Kotts’s right to due process. We affirm.
Kotts, a bankruptcy attorney, commenced ten Chapter 11 reorganization proceedings for clients between October, 1980, and August, 1981, but never applied to the court under 11 U.S.C. § 327(a) for approval of representation. Kotts or his firm performed services in- each case, but in nine of the cases, filed neither reorganization plans nor disclosure statements, and in the tenth, filed no disclosure statement. Thereafter, the United States Trustee (Trustee) moved the two bankruptcy courts handling the cases to examine the reasonableness of Kotts’s fees under 11 U.S.C. § 329. The bankruptcy courts, after separate hearings, ordered all or part of the fees refunded to the estates. The district court affirmed and determined what portion of Kotts’s fees was attributable to work done before the Chapter 11 filings; Kotts was allowed to keep these fees, but was ordered to refund the balance to the estates.
Kotts distinguishes “debtors” and “debtors-in-possession” and argues that the debtor, as an individual, is entitled to separate representation which is not subject to *1331 bankruptcy court review. The statute refutes this position: “ ‘debtor in possession’ means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case;” 11 U.S.C. § 1101(1) (1978). The Fifth Circuit has determined that this section creates no distinction between the two terms, In the Matter of Triangle Chemicals, Inc., 697 F.2d 1280, 1290 (5th Cir.1983). On the plain meaning of the statute, when no trustee has been appointed, we agree that there is no practical distinction between the terms.
Concerning the due process implications of the hearings held in the bankruptcy court and district court, we have thoroughly reviewed the record and find that Kotts enjoyed the full protection of due process. Moreover, based on the record, we find that the bankruptcy court’s findings of fact are not clearly erroneous. Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir.1984).
Accordingly, the judgment of the district court is affirmed.

. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.