In the Matter of William E. FLEEMAN, Debtor.

Bankruptcy No. 86–30263.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

May 14, 1987.

John H. Hicks, Dublin, Ga., for applicant.

Ward Stone, Jr., trustee, Macon, Ga.

Wesley J. Boyer, Macon, Ga., for Trustee.

Darrel Begnaud, Athens, Ga., for Athens Federal Sav. Bank.

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

## STATEMENT OF THE CASE

On June 27, 1986, William E. Fleeman, Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Court appointed a committee of unsecured creditors (creditors' committee) in this bankruptcy case on June 30, 1986. On September 2, 1986, the creditors' committee filed a motion to appoint John H. Hicks as attorney for the creditors' committee. On September 5, 1986, the Court granted the motion and approved the appointment of John H. Hicks as the attorney for the creditors' committee.

On December 5, 1986, John H. Hicks, Applicant, filed an "Application for Interim Compensation for Attorney's Fees and Expenses" with the Court. After notice to parties in interest, four objections to the application were filed with the Court. The application and the objections came on for hearing on March 24, 1987. After considering the evidence and arguments of counsel, the Court has this day entered an order allowing interim compensation to Applicant in the amount of $5,760 for professional services rendered and reimbursement of $362.15 for out-of-pocket expenses. In support of its order, the Court publishes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

In his application, Applicant makes his first request for interim compensation. The application is for the period of time from September 5, 1986, through November 20, 1986. Applicant seeks interim compensation in the amount of $8,110 for 81.10 hours of professional services rendered at a billing rate of $100 per hour. He also seeks reimbursement of out-of-pocket expenses totaling $362.15. In support of his application, Applicant submitted an itemization of time spent, services rendered, and expenses incurred. The itemization reflects professional services rendered for the period of time from July 28, 1986, through November 17, 1986, with Applicant listing 23.5 hours for professional services rendered from July 28, 1986, through September 2, 1986.

Four objections to the application were filed with the Court. The Court finds that two of the grounds for objection have merit, and the Court will therefore address the two grounds. Debtor objects to the application on the ground that Applicant seeks compensation for professional services rendered prior to Applicant's appointment by the Court to represent the creditors' committee. In its objection, Athens Federal Savings Bank (Athens Federal) also objects on this ground and further objects to the application on the ground that Applicant may be compensated from funds that Athens Federal has as collateral.

## CONCLUSIONS OF LAW

Section 331 of the Bankruptcy Code [1] governs interim compensation. It provides that:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C.A. § 331 (West 1979).

Section 330(a) of the Bankruptcy Code,[2] which is incorporated by reference in section 331, provides in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a

---

1. 11 U.S.C.A. § 331 (West 1979).

2. 11 U.S.C.A. § 330(a) (West Supp.1987).

professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and
>
> (2) reimbursement of actual, necessary expenses.

11 U.S.C.A. § 330(a) (West Supp.1987).

With this statutory authority for the Court to award interim compensation in mind, the Court will address the objections to the application. The first ground for objection is that Applicant requests compensation for professional services rendered prior to his appointment as attorney for the creditors' committee. Section 1103(a) of the Bankruptcy Code[3] provides:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C.A. § 1103(a) (West 1979).

Thus, it is clear that the employment of an attorney as authorized by section 1103(a) must be with court approval. This Court has regularly entered nunc pro tunc orders when attorneys in bankruptcy cases have failed to have their employment approved by the Court prior to rendering

professional services. The Court is of the opinion that this practice should be re-examined in light of the trend in several circuit courts, which reveals that such a loose practice should not be condoned. *See In re Arkansas Co.*, 798 F.2d 645 (3rd Cir.1986); *Fanelli v. Hensley (In re Triangle Chemicals, Inc.)*, 697 F.2d 1280 (5th Cir.1983); *Beecher v. Leavenworth State Bank*, 184 F.2d 498 (9th Cir.1950).

In *In re Arkansas Co.*, the Third Circuit Court of Appeals stated that if retroactive approval is freely granted, laxity by counsel would be rewarded and circumvention of the statutory requirements might be encouraged. 798 F.2d at 650. Such an approach renders meaningless the structure of the Bankruptcy Code and the Bankruptcy Rules, which require prior approval of employment. *Id.* at 649. *See* 11 U.S.C.A. § 1103(a) (West 1979); R.Bankr.P. 2014. The court of appeals in *In re Arkansas Co.* stated that the requirement of prior approval of employment ensures " 'that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.' " 798 F.2d at 648 (quoting *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203, 205 (3rd Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 76, 24 L.Ed.2d 74 (1969)). The court of appeals also stated that a bankruptcy court may be overly inclined to approve an attorney's employment nunc pro tunc due to claims of hardship by the attorney because of work he or she has already performed. *Id.* at 649. The court of appeals, therefore, held that "retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under *extraordinary circumstances.*" *Id.* at 650 (emphasis added).[4]

---

3. 11 U.S.C.A. § 1103(a) (West 1979).

4. The Fifth Circuit Court of Appeals in *In re Triangle Chemicals, Inc.* held that:
   [W]here through oversight the attorney has neglected to obtain such prior approval but has continued to perform services for the debtor/debtor in possession (many of them as here under the eye of the court itself), the

bankruptcy court retains equitable power in the exercise of its sound discretion, *under exceptional circumstances*, to grant such approval nunc pro tunc, upon proper showing, and to award compensation for all or part of the services performed by such attorney that have subsequently benefited the debtor's estate and, consequently, its creditors.

■ The Court agrees with the reasoning set forth by the Third Circuit Court of Appeals, and likewise holds that nunc pro tunc orders for retroactive approval should be entered only if counsel can demonstrate extraordinary circumstances warranting such action. In this bankruptcy case, the Court did not approve Applicant's appointment until September 5, 1986. By then, Applicant had rendered 23.50 hours of professional services in representing the creditors' committee. Applicant states that he has no real excuse in failing to seek prior approval of employment. He does state that his services benefited the bankruptcy estate. Mere neglect of counsel who was in a position to file a timely application for approval of employment is not an extraordinary circumstance for which the Court should grant relief. *See In re Arkansas Co.,* 798 F.2d at 650. Accordingly, the Court determines that Applicant is not entitled to compensation for the 23.50 hours of professional services rendered prior to his appointment.

■ The second ground for objection, which Athens Federal raises, is that Applicant's compensation may come from funds that serve as collateral for Athens Federal's claim. The Court notes that this cannot occur because the Bankruptcy Code itself protects Athens Federal's interest under section 363(a) and (c).[5] Section 363(a) and (c) provides as follows:

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.
. . . .

(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title

697 F.2d at 1289 (emphasis added).

and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

(3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

(4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

11 U.S.C.A. § 363(a), (c) (West 1979 & Supp.1987). Applicant, therefore, may not be paid from funds to which Athens Federal has a claim. If there is any question of whether Athens Federal has a claim to the funds, then that question must be submitted to the Court by proper application.

■ In considering Applicant's application for interim compensation, the Court must follow a three-step procedure. First, the Court must determine the nature and extent of the services rendered by exam-

**5.** 11 U.S.C.A. § 363(a), (c) (West 1979 & Supp. 1987).

ining the itemization provided by Applicant. Second, the Court must determine the value of the services. Third, the Court must discuss how each of the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*[6] affected the Court's determination. *American Benefit Life Insurance Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291, 1299–1300 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *ITT Industrial Credit Co. v. Scarboro (In re Scarboro)*, 13 B.R. 439, 443, 8 Bankr.Ct. Dec. 72, 74, 4 Collier Bankr.Cas.2d 1222, 1227–28 (M.D.Ga.1981).

After careful consideration of Applicant's itemization, the Court finds no unnecessary duplication of services or inclusion of nonlegal services. The nature of these services include, inter alia, legal research, the preparation and filing of legal documents, negotiations, and representation of the creditors' committee. The Court thus concludes that Applicant therefore is entitled to compensation for 57.60 hours of professional services rendered. While the Court has some question about the rate of $100 per hour, it is of the opinion that the reduction in hours, because of Applicant's oversight, is sufficient to bring the fee of $5,760 to a sum that is reasonable.

■ In determining this, the Court has considered the twelve *Johnson* factors as follows:

1. *The time and labor required.*
   Applicant has shown, through an itemization, that he rendered 57.60 hours of professional services.
2. *The novelty and difficulty of the questions.*
   No real novel or difficult questions of law appear to have been addressed by Applicant, but the Court is persuaded that Debtor's business operation is complex and large.
3. *The skill requisite to perform the legal service properly.*
   Applicant is acquainted with Chapter 11 problems and has the skill neces-

sary to properly represent the creditors' committee.
4. *The preclusion of other employment by the attorney due to acceptance of the case.*
   The time requirements in this case necessarily prevented Applicant from handling other matters.
5. *The customary fee.*
   The hourly rate charged by Applicant is within the hourly rate charged by comparable attorneys in comparable cases.
6. *Whether the fee is fixed or contingent.*
   While Applicant's charges have been contractually agreed to by the creditors' committee, they are still subject to being awarded by this Court under section 330 of the Bankruptcy Code. The fee thus is neither truly fixed nor contingent but has some characteristics of both. It also is contingent to the extent that Debtor must have funds sufficient to pay Applicant's compensation, and this is a concern in most bankruptcy cases. Applicant is entitled to be compensated for the uncertainty that exists in this case.
7. *Time limitations imposed by the client or the circumstances.*
   The Court is aware that a number of matters in this case have been handled on an expedited basis, and Applicant is entitled to be compensated for this.
8. *The amount involved and the results obtained.*
   This is a fairly substantial reorganization case, and its problems require that an attorney who properly handles its problems be properly compensated.
9. *The experience, reputation, and ability of the attorney.*
   Applicant is experienced in the bankruptcy area and in the area of Chapter 11.
10. *The "undesirability" of the case.*
    This is not a factor.
11. *The nature and length of the professional relationship with the client.*

---

**6.** 488 F.2d 714 (5th Cir.1974).

Applicant has shown no attorney-client relationship between it and the creditors' committee prior to this case.

12. *Awards in similar cases.*

To the extent that this case can be compared to other Chapter 11 cases and this award can be compared to awards therein, it is quite similar.

*See Johnson,* 488 F.2d at 717–19. Having considered the twelve *Johnson* factors, the Court determines that Applicant should be awarded $5,760 as interim compensation for 57.60 hours of professional services rendered.

Applicant also requests reimbursement of $362.15 in out-of-pocket expenses incurred on behalf of the creditors' committee. The Court, having reviewed Applicant's itemization of out-of-pocket expenses, concludes that they are reasonable and necessary and should be allowed.