STATE BANK OF WAUBAY, Appellant,

v.

Joel Elmer BISGARD and Sally Ann Bisgard, Appellees.

Civ. No. 87–1035.

United States District Court, D. South Dakota, N.D.

Dec. 16, 1987.

---

Dale A. Wein, McNeary & Moen Law Offices, Aberdeen, S.D., for appellant.

J. Bruce Blake, Sioux Falls, S.D., for appellees.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

This appeal arises from an order of the United States Bankruptcy Court of the District of South Dakota, Northern Division, authorizing Joel Elmer Bisgard and Sally

Ann Bisgard, [hereafter Debtors] Appellees to employ a bankruptcy attorney as a professional person, and to pay him a retainer in the amount of Ten Thousand Dollars ($10,000.00). The State Bank of Waubay, [hereafter Bank], Appellant appealed, arguing it was error to pay funds of the estate to a professional person when there exists an outstanding super priority administrative expense. Debtors responded that the funds concerned were not property of the estate, and alternatively, if the funds were property of the estate, the Bank's super priority expense was in error and a subsequent order by the bankruptcy court vacating the super priority expense rendered the instant appeal moot.

The Debtors' bankruptcy proceeding began on April 1, 1982, with the filing of a Chapter 11 reorganization case. Subsequently, on April 8, 1985 the Debtors filed a voluntary petition to convert their case to a Chapter 7 liquidation case. Later, on August 13, 1985, the bankruptcy court entered a discharge of the Debtors.

Prior to the conversion petition, however, the Bank had a lien on the Debtors' 1984 crop proceeds for Eighty–Four Thousand Dollars ($84,000.00). On May 20, 1984, the bankruptcy court continued the Bank's lien subject to the prior lien of one creditor. In addition, the bankruptcy court ordered that the Bank's lien should be reduced by any payment to the Bank of any funds obtained from the sale of certain personal property. More importantly, however, was the bankruptcy court's provision allowing the Bank's lien as a super priority administrative expense under 11 U.S.C. § 364(c)(1).

Also prior to the discharge, yet subsequent to the conversion, was the abandonment by the Chapter 7 trustee of certain property of the Chapter 7 estate. Initially, pursuant to a May 22, 1985 *ex parte* motion by the trustee, the bankruptcy court authorized the leasing of certain farmable land owned by the Debtors. The Chapter 7 trustee subsequently determined, however, that the realty should be abandoned and gave notice of his proposed action of abandonment. Pursuant to the Chapter 7 trustee's action, the bankruptcy court abandoned the realty on July 16, 1985, and abandoned, on August 1, 1985, the rent collected by the trustee pursuant to his authorization to lease.

Notwithstanding the discharge of the Debtors under Chapter 7, on January 15, 1987, they moved the bankruptcy court to convert their Chapter 7 liquidation to a Chapter 12 reorganization. On April 22, 1987 the bankruptcy court entered an order converting their case. The Debtors also moved the bankruptcy court for authorization to employ a bankruptcy attorney and to pay him a retainer. The Bank filed an objection to this motion, asserting their super priority administrative claim allowed by the bankruptcy court on May 20, 1985 remained unpaid in the amount of Fifty-two Thousand Eight Hundred Forty-one Dollars and Seventy-seven Cents ($52,841.77), and objecting to payment of an administrative expense before a super priority administrative expense. Nevertheless, after a hearing on May 15, 1987, the bankruptcy court ordered the payment to Debtors' attorney on May 26, 1987.

It is from this order the Bank appeals. It should be noted at this point that subsequent to this appeal being taken, the bankruptcy court, on October 16, 1987, ordered its previous order of May 22, 1985 which allowed the Bank's claim as a super priority administrative expense, be vacated. In any event, the issue before this Court is whether the bankruptcy court erred in permitting rents received by the Debtors from property, abandoned by the Chapter 7 trustee, to be paid to Debtors' attorney in a Chapter 12 proceeding when a super priority expense remains unpaid.

■ Initial inquiry must be made into whether rents received from property abandoned by the Chapter 7 trustee is property of the Debtors or of the bankruptcy estate. Both sides agree that prior to the conversion to Chapter 12, the rents were property of the Debtors. "[A]bandonment constitutes a divestiture of all interests in property that were property of the estate."[4] *Collier on Bankruptcy*, ¶ 554.02[2], 554–65 (L.King 15th ed. 1987). Thus, upon aban-

donment the property reverted to property of the Debtors.

█ The conversion of the Debtors' Chapter 7 liquidation to a Chapter 12 reorganization, however, brought into play new rules of interpretation. 11 U.S.C. § 1207, defines in pertinent part, property of the estate as follows:

(a) [p]roperty of the estate includes, in addition to the property specified in § 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted to a case under Chapter 7 of this title, whichever óccurs first....

Thus, property of the estate includes § 541 property acquired before and during the bankruptcy case. The only limitation excludes property acquired after the case is closed, dismissed or converted to a case under Chapter 7.

11 U.S.C. § 541 defines the bankruptcy estate as:

(a) ... comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

As a result, any legal or equitable interest of the Debtor is included in the estate. This would include rents received by the Debtor for rentals received from his real property.

█ Notwithstanding the fact that the prior abandonment by the Chapter 7 trustee removed the rents from the Chapter 7 estate, the pertinent question is whether the rents are in the Chapter 12 estate. As noted, property of the Chapter 12 estate includes all legal or equitable interests of the Debtors in property, as of the commencement of the case, and as acquired during the case. Thus, if the rents were the Debtors' at commencement of the Chapter 12 case, or acquired during the case, they are property of the estate.

Pursuant to a motion by the Debtors, the bankruptcy court converted their Chapter 7 to a Chapter 12 on April 22, 1987. Since the action taken was a conversion, it simply continued the Debtors' journey through the various chapters in the Code. 11 U.S.C. § 348 provides:

(a) [c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Thus, as the debtors initially began their bankruptcy case on April 1, 1982 and later converted it into a Chapter 12, their case was commenced at that time, and continued to the present. 4 Collier on Bankruptcy, ¶ 348.02, 3484 (L.King 15th ed. 1987).

Since the rents involved were not acquired by the debtor until after August 1, 1985, they were acquired after commencement. Therefore, the rents as legal interests of the Debtor acquired after commencement of the bankruptcy case, are property of the estate. In effect, the conversion has retroactively included in the estate income and property previously abandoned to the Debtor.

█ Having determined the funds involved were property of the estate, this Court must now determine whether the bankruptcy court erred in permitting those funds to be paid to the Debtors' attorney when a super priority administrative expense remained unpaid. At this juncture, the Court does not address the present existence of the super priority administrative expense. Instead, the record will be considered as of the date of the Bank's notice of appeal. At that time, the bankruptcy court had taken no action on the Bank's claim beyond its order granting them their super priority administrative expense status.

By granting the Bank a super priority administrative expense, the bankruptcy court elevated the Bank above the normal priority ranking in the Code. This ranking is set forth in 11 U.S.C. § 507. The highest priority is given to "administrative expenses allowed under § 503(b)...." 11 U.S.C. § 507(a)(1).

11 U.S.C. § 503 sets out the administrative expenses which are allowed in bankruptcy. These expenses include compensation and reimbursement which is awarded under 11 U.S.C. § 330. Thus, expenses awarded under § 330 receive the highest priority under § 507.

11 U.S.C. § 330 provides, in pertinent part:

(a) ... The Court may award ... to the debtors' attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney, as the case may be, ... based on the nature, the extent and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

Pursuant to this section, the bankruptcy court may award compensation to Debtors' attorney. In doing so, the Court, through the coordinated provisions of 11 U.S.C. §§ 330, 503, and 507, awards the Debtors' attorney an allowed administrative expense of the highest priority under § 507.

While such priority is the highest provided in § 507, it is not preeminent above all expenses. 11 U.S.C. § 364(c)(1) provides for "priority over any or all administrative expenses of the kind specified in § 503(b) or 507(b)...." Thus, § 364 establishes an expense that has priority over all priority expenses and claims: the super priority administrative expense.

In this case, at a hearing on May 15, 1987, the Bankruptcy Court authorized payment of Debtors' attorney's fees, a top priority expense under § 507. At that time, the Bank had outstanding a super priority administrative expense in excess of the amount authorized as attorney fees. In bypassing the express statutory language of 11 U.S.C. § 364, the Bankruptcy Court erred. This Court does not pass on the question of the basis for the super priority administrative expense as the record on that issue is not fully developed.

Accordingly, the order of the Bankruptcy Court granting attorney fees to counsel for the Debtor is reversed and remanded for proceedings consistent with this opinion.