105 B.R. 394 (1989)
In the Matter of K & R MINING, INC., Debtor.
Bankruptcy No. 687-00790.
United States Bankruptcy Court, N.D. Ohio.
October 3, 1989.
*395 Craig Martahus, Thompson, Hine & Flory, Cleveland, Ohio, for debtor.
Wallace W. Walker, Roetzel & Andress, Akron, Ohio, for the Chapter 7 trustee.
Joel K. Dayton, Black, McCuskey, Souers & Arbaugh, Canton, Ohio, for E.T. Coal.
Mary Ann Rackoff, Staff Atty., Office of the U.S. Trustee, Cleveland, Ohio, Mark G. Bonaventura, Asst. Ohio Atty. Gen., for State of Ohio, Div. of Reclamation.
JAMES H. WILLIAMS, Chief Judge.

MEMORANDUM OF DECISION
Before the court are the applications of Thompson, Hine & Flory (applicant) for final allowance of compensation and reimbursement of expenses. Applicant, as counsel for the debtor, seeks the allowance of $116,017.50 in attorney's fees and $10,450.59 in reimbursement of expenses as full and final compensation. Objections were filed by the United States Trustee, James R. Kandel, the Chapter 7 Trustee, E.T. Coal, Inc. and the State of Ohio, Division of Reclamation.
Upon the conclusion of the hearing the court requested the submission of memoranda and the parties have complied.

FACTS
K & R Mining, Inc. (Mining) and K & R Processing, Inc. (Processing) each filed for relief under Chapter 11 of Title 11 of the United States Code on May 26, 1987. Orders approving the employment of applicant as attorney for the debtors and debtors in possession were entered by the court *396 on May 27, 1987. At the inception of the cases, applicant received a retainer of $60,000.00 from the debtors.
On November 27, 1987, applicant filed its first requests for compensation and expenses seeking $15,169.50 in fees and $1,460.07 in expenses in Processing and $30,095.50 in fees and $3,003.45 in expenses in Mining. Following a hearing on the applications, the court approved and allowed the payment of $12,000.00 in fees and $1,460.07 in expenses in Processing and $24,000.00 in fees and $3,003.45 in expenses in Mining. Such amounts were to be paid from the $60,000.00 retainer being held by applicant. The remaining amounts requested were deferred until a hearing on a final application for compensation and expenses.
Applicant filed second requests for compensation on February 29, 1988, seeking $7,475.00 in fees and $445.23 in expenses in Processing and $26,894.50 in fees and $1,446.27 in expenses in Mining. At the ensuing hearing, the court allowed only the payment of the expense reimbursement sought in each case. Again, such amounts were to be paid from the retainer. Additionally, the court allowed fees of $12,675.00 in Mining and $5,500.00 in Processing but deferred allowance of payment of those sums. As before, the remaining amounts requested were deferred until a hearing on a final application.
Mining and Processing were substantively consolidated into case No. 687-00790 on July 12, 1988. Thereafter, on February 1, 1989, the case was converted to a Chapter 7 liquidation proceeding with James R. Kandel being appointed the Chapter 7 Trustee.
Applicant has now filed its third and final requests for the allowance of compensation and the reimbursement of expenses seeking $33,573.00 in fees and $3,226.17 in expenses in Mining and $12,810.00 in fees and $869.40 in expenses in Processing for the period from January 1, 1988 to March 10, 1989. Additionally, applicant also seeks approval of all prior amounts deferred or amounts not paid. Finally, applicant seeks authority to apply the balance of the retainer, $17,644.98, to the compensation and expenses granted by the court with the balance of its fees and expenses being allowed as a Chapter 11 administrative expense.
Out of the variety of objections raised to the applications, essentially two issues emerge: First, inasmuch as the fees and expenses of applicant are Chapter 11 administrative expenses, the objectors assert that they should not be paid ahead of the Chapter 7 expenses or in greater proportion than other Chapter 11 administrative expenses. Second, and most importantly, the parties object to applicant applying the balance of the retainer it holds to its approved fees and expenses. The Chapter 7 Trustee and U.S. Trustee argue that the retainer, being property of the bankruptcy estate, should be turned over to the Chapter 7 Trustee to be distributed pursuant to the provisions of the Bankruptcy Code.

DISCUSSION

A.
Case law has consistently held that a pre-petition retainer is property of the bankruptcy estate. As stated by the court in In re Kinderhaus Corporation, 58 B.R. 94, 97 (Bankr.Minn.1986):
A prepetition retainer taken by a debtor's attorney for services to be rendered and costs to be incurred during the pendency of a bankruptcy case is held in trust, except to the extent that attorney's fees are allowed by the Court and ordered paid pursuant to 11 U.S.C. § 330 and § 331, until the case is closed or until the Court orders otherwise. Such a retainer, taken prior to the filing of the petition, becomes property of the estate upon commencement of the case, subject however, to the terms of the trust. See, 11 U.S.C. § 541(d).
Accord, In re Chapel Gate Apartments, Limited, 64 B.R. 569 (Bankr.N.D.Texas 1986); In re C & P Auto Transport, Inc., 94 B.R. 682 (Bankr.E.D.Calif.1988).
The terms of the trust, however, remain subject to the provisions of the Bankruptcy Code and Rules and only the court has the power and authority to determine *397 whether, and to what extent, such retainer is to be paid to counsel for the debtor. See, In re Tri-County Water Association, Inc., 91 B.R. 547 (Bankr.S.D. 1988).
As to the effect on a retainer of the conversion of a Chapter 11 case to one under Chapter 7, the court in In re Burnside Steel Foundary Company, 90 B.R. 942, 944 (Bankr.N.D. Ill.1988) noted:
[T]he typical retainer paid to a debtor's attorney in a Chapter 11 case is intended to secure future payment of attorney's fees awarded by the Court. In the event the Court orders such an award, and the debtor does not have the cash to pay the award, the retainer insures payment. If the case fails and is converted to Chapter 7, the retainer enables the debtor's attorney to avoid the subordination of the Chapter 11 expenses of administration to those incurred in administering the Chapter 7 estate mandated by section 726(b) of the Bankruptcy Code.
The reason why this result obtains is simple. The debtor's attorney who receives a prepetition retainer to insure payment of fees to be earned in the Chapter 11 case (or post petition retainer authorized by court order) becomes a secured creditor, secured by a possessory security interest in cash. . . . There is nothing theoretically different between the attorney who receives a retainer against future fees and a landlord who takes a cash security deposit to secure the payment of future rent. The reason that the retainer succeeds in avoiding the subordination requirements of section 726(b) is that section 726 only affects distribution priorities among holders of unsecured claims, and an attorney with the retainer is, to the extent of the retainer, the holder of a secured claim.
The United States Trustee and the Chapter 7 Trustee maintain that applicant cannot be a secured creditor of the debtor because it would then hold an interest adverse to the estate and not be disinterested pursuant to 11 U.S.C. § 101(13).[1] The argument of the United States Trustee and the Chapter 7 Trustee is premised on the fact that Section 327(a) permits only the appointment of counsel "that do not hold or represent an interest adverse to the estate, and that are disinterested persons."
This precise issue was addressed by the First Circuit Court of Appeals in In re Martin, 817 F.2d 175, 180 (1987):
At first blush, this statute [section 327(a)] would seem to foreclose the employment of an attorney who is in any respect a "creditor." But, such a literalistic reading defies common sense and must be discarded as grossly overbroad. After all, any attorney who may be retained or appointed to render professional services to a debtor in possession becomes a creditor of the estate just as soon as any compensable time is spent on account. Thus, to interpret the law in such an inelastic way would virtually eliminate any possibility of legal assistance for a debtor in possession, except under a cash-and-carry arrangement or on a pro bono basis. It stands to reason that the statutory mosaic must, at the least, be read to exclude as a "creditor" a lawyer, not previously owed back fees or other indebtedness, who is authorized by the court to represent a debtor in connection with reorganization proceedingsnotwithstanding that the lawyer will almost instantaneously become a creditor of the estate with regard to the charges endemic to current and future representation. (Footnote omitted).
See, also, In re Burnside Steel Foundary Company, supra.
The court finds the reasoning of Martin to be persuasive and accordingly, does not view the applicant as disqualified to be counsel for the debtor if, indeed, it possesses a security interest property of the debtor.
Additionally, the Chapter 7 Trustee maintains that if applicant is a secured creditor by virtue of the retainer, such security *398 interest is limited to the fees incurred pre-petition. He argues that for post-petition fees to be secured, the provisions of 11 U.S.C. § 364(c)(2) would have to be met.[2] Specifically, the Chapter 7 Trustee asserts that no notice was given and no hearing was held.
The court finds no merit in this argument. First, Section 364 is inapplicable to the instant proceeding. The provisions of Sections 327 through 331 concern and address the employment and compensation of professionals. Secondly, even if Section 364 were applicable, Thompson, Hine & Flory's applications to be employed as counsel for the debtor were properly filed with the court. Pursuant to Bankruptcy Rule 2014, its applications disclosed the retainer arrangement. Additionally, every prior request for compensation filed by applicant disclosed the retainer. The court finds such numerous disclosures of the retainer arrangement to amount to sufficient notice for applicant to be accorded a security interest in the retainer.
The United States Trustee raises an additional objection that the $60,000.00 retainer held by applicant is excessive and at least a portion thereof should be turned over to the Chapter 7 trustee.
This now-consolidated case initially consisted of two independent Chapter 11 cases, as previously noted. The retainer was to apply to both. In view of this fact and the largely uncontested assertion that the total fees and expenses of applicant exceed $125,000.00, the court finds the $60,000.00 retainer not to be unreasonable.
Accordingly, the court finds that applicant possesses a security interest in the retainer to secure payment of its attorney's fees and expenses and upon court approval of those fees and expenses, such retainer may be applied to reduce the fees and expenses awarded.

B.
The various objectors further oppose the payment to applicant of any fees and expenses approved by the court prior to the payment of the other Chapter 11 administrative expenses. Thompson, Hine & Flory acknowledges that apart from the application of the retainer to any approved compensation, the balance of its fees and expenses enjoys no right to better treatment than other Chapter 11 administrative expenses and that such fees and expenses will be paid pro rata with the other Chapter 11 administrative expense claims after the payment in full of the Chapter 7 administrative expenses. See, 11 U.S.C. § 327(b) and In re IML Freight, Inc., 52 B.R. 124 (Bankr.Utah 1985).

C.
Finally, as to the allowance of compensation and reimbursement of expenses, the court, upon review of the final application, finds the services rendered and the amount sought by applicant to be reasonable. The court notes, however, that applicant seeks compensation and the reimbursement of expenses in relation to the preparation and presentation of its fee requests. This court has previously held that such charges and costs are not compensable as they are considered a part of the cost of doing business. In re Mansfield Tire & Rubber Company, 65 B.R. 446 (Bankr.N.D.Ohio 1986). Accordingly, the court will disallow $280.00 in fees and $13.50 in expenses in Processing and $300.00 in fees and $13.50 in expenses in Mining. Therefore, the court allows the sum of $33,273.00 in compensation and $3,212.67 in expenses in Mining and $12,530.00 in compensation and $855.90 in expenses in Processing.
Additionally, previously deferred compensation in the amount of $25,459.50 will be allowed.
*399 An order in accordance herewith shall issue.
NOTES
[1] 11 U.S.C. § 101(13)(A) provides:

. . . . .
"disinterested person" means person that
(A) is not a creditor, an equity security holder, or an insider.
[2] Section 364(c)(2) provides:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt
. . . . .
(2) secured by a lien on property of the estate that is not otherwise subject to a lien.